FILED
CLERK, U.S. DISTRICT COURT

8/13/2025

CENTRAL DISTRICT OF CALIFORNIA
BY: _____ASI_____ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

October 2024 Grand Jury

| UNITED STATES OF AMERICA, | CR 2:25-cr-00671-AH |
|---|---|
| Plaintiff, | I N D I C T M E N T |
| v. | [18 U.S.C. § 2339B: Attempting to Provide Material Support to a Foreign Terrorist Organization; 26 U.S.C. § 5861(f), Manufacture of an Unregistered Destructive Device; 18 U.S.C. § 922(g): Felon in Possession of a Firearm; 18 U.S.C. §§ 981(a)(1)(C), (a)(1)(G), 26 U.S.C. § 5872, and 28 U.S.C. § 2461(c): Criminal Forfeiture] |
| MARK LORENZO VILLANUEVA, aka "Abdullah Al Jamil," | |
| Defendant. | |

The Grand Jury charges:

INTRODUCTORY ALLEGATIONS

At all times relevant to this Indictment:

1. On or about October 15, 2004, the U.S. Secretary of State designated al Qaeda in Iraq ("AQI"), then known as Jam'at al Tawhid wa'al-Jihad, as a Foreign Terrorist Organization ("FTO") under Section 219 of the Immigration and Nationality Act ("INA") and as a Specially Designated Global Terrorist ("SDGT") entity under section 1(b) of Executive Order 13224.

1    2.    On or about May 15, 2014, the Secretary of State amended

2  the designation of AQI as an FTO under Section 219 of the INA and as

3  a SDGT entity under section 1(b) of Executive Order 13224 to add the

4  alias Islamic State of Iraq and the Levant ("ISIL") as its primary

5  name.  The Secretary also added the following aliases to the FTO

6  listing:  the Islamic State of Iraq and al-Sham (*i.e.*, "ISIS" – which

7  is how the FTO will be referenced herein), the Islamic State of Iraq

8  and Syria, ad-Dawla al-Islamiyya fi al- 'Iraq wa-sh-Sham, Daesh,

9  Dawla al Islamiya, and Al-Furqan Establishment for Media Production.

10    3.    On or about September 21, 2015, the Secretary added the

11  following aliases to the FTO and SDGT listings:  Islamic State, ISIL,

12  and ISIS.  On March 22, 2019, the Secretary added the following

13  aliases to the FTO and SDGT listings: Amaq News Agency, Al Hayat

14  Media Center, Al-Hayat Media Center, and Al Hayat.  To date, ISIS

15  remains a designated FTO.

16  //

17  //

18  //

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT ONE

[18 U.S.C. § 2339B]

Beginning on a date unknown, and continuing through on or about August 1, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARK LORENZO VILLANUEVA, also known as "Abdullah Al Jamil," knowingly attempted to provide material support and resources, as that term is defined in Title 18, United States Code, Section 2339A(b), specifically including money, services and personnel, to wit, himself, to a foreign terrorist organization, namely ISIS, knowing that ISIS was a designated foreign terrorist organization and that ISIS engages and has engaged in terrorist activity and terrorism, in violation of Title 18 United States Code, Section 2339B(a)(1).

COUNT TWO

[26 U.S.C. § 5861(f)]

On or before August 1, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARK LORENZO VILLANUEVA, also known as "Abdullah Al Jamil," manufactured and made a destructive device, namely, an explosive and incendiary bomb or similar device bearing no serial number, knowing it to be a destructive device, as defined in Title 26, United States Code, Sections 5845(a)(8) and (f), and which had not been registered in the National Firearms Registration and Transfer Record as required by Chapter 53, Title 26, United States Code.

4

COUNT THREE

[18 U.S.C. § 922(g)]

On or about August 1, 2025, in Los Angeles County, within the Central District of California, defendant MARK LORENZO VILLANUEVA, also known as "Abdullah Al Jamil," knowingly possessed a firearm, namely, an explosive and incendiary bomb or similar device bearing no serial number, constituting a destructive device, in and affecting interstate and foreign commerce.

Defendant VILLANUEVA possessed this firearm knowing that he had previously been convicted of the following felony crime, punishable by a term of imprisonment exceeding one year, namely, Stalking, in violation of California Penal Code Section 646.9(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA138766, on or about September 21, 2017.

FORFEITURE ALLEGATION ONE

[18 U.S.C. §§ 981(a)(1)(C), (a)(1)(G), and 28 U.S.C. § 2461(c)]

1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Sections 981(a)(1)(C), (a)(1)(G), and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offense set forth in Count One of this Indictment.

1.    The defendant, if so convicted, shall forfeit to the United States of America the following:

        (a)  All right, title, and interest in all of the defendant's assets, foreign or domestic;

        (b)  All right, title and interest in any assets, foreign or domestic, affording the defendant a source of influence over any entity or organization engaged in planning or perpetrating any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

        (c)  All right, title, and interest in any asset, foreign or domestic, acquired or maintained by the defendant with the intent and for the purpose of supporting, planning, conducting, or concealing any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

        (d)  All right, title, and interest in any asset, foreign or domestic, derived from, involved in, or used or intended to be used to commit any Federal crime of terrorism against the United States, citizens or residents of the United States, or their property;

1          (e)   To the extent such property is not available for

2   forfeiture, a sum of money equal to the total value of the property

3   described in subparagraphs (a), (b), (c), or (d).

4          2.    Pursuant to Title 21, United States Code, Section 853(p),

5   as incorporated by Title 28, United States Code, Section 2461(c), the

6   defendant, if so convicted, shall forfeit substitute property, up to

7   the value of the property described in the preceding paragraph if, as

8   the result of any act or omission of the defendant, the property

9   described in the preceding paragraph or any portion thereof (a)

10  cannot be located upon the exercise of due diligence; (b) has been

11  transferred, sold to, or deposited with a third party; (c) has been

12  placed beyond the jurisdiction of the court; (d) has been

13  substantially diminished in value; or (e) has been commingled with

14  other property that cannot be divided without difficulty.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

1                         FORFEITURE ALLEGATION TWO

2                  [26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

3       1.    Pursuant to Rule 32.2 of the Federal Rules of Criminal

4   Procedure, notice is hereby given that the United States of America

5   will seek forfeiture as part of any sentence, pursuant to Title 26,

6   United States Code, Section 5872 and Title 28, United States Code,

7   Section 2461(c), in the event of the defendant's conviction of the

8   offense set forth in Counts Two of this Indictment.

9       2.    The defendant, if so convicted, shall forfeit to the United

10  States of America the following:

11          (a)  All right, title, and interest in any firearm involved

12  in any such offense; and

13          (b)  To the extent such property is not available for

14  forfeiture, a sum of money equal to the total value of the property

15  described in subparagraph (a).

16      3.    Pursuant to Title 21, United States Code, Section 853(p),

17  as incorporated by Title 28, United States Code, Section 2461(c), the

18  defendant, if so convicted, shall forfeit substitute property, up to

19  the value of the property described in the preceding paragraph if, as

20  the result of any act or omission of the defendant, the property

21  described in the preceding paragraph or any portion thereof

22  (a) cannot be located upon the exercise of due diligence; (b) has

23  been transferred, sold to, or deposited with a third party; (c) has

24  been placed beyond the jurisdiction of the court;

25  //

26  //

27  //

28  //

1  (d) has been substantially diminished in value; or (e) has been

2  commingled with other property that cannot be divided without

3  difficulty

4

5                                            A TRUE BILL

6

7                                            /S/
                                             Foreperson
8
   BILAL A. ESSAYLI
9  Acting United States Attorney

10

11

12 DAVID T. RYAN
   Assistant United States Attorney
   Chief, National Security Division
13
   IAN V. YANNIELLO
14 Assistant United States Attorney
   Chief, Terrorism and Export
15 Crimes Section

16 COLIN S. SCOTT
   Assistant United States Attorney
17 Terrorism and Export Crimes
   Section
18

19

20

21

22

23

24

25

26

27

28

                               9