TODD BLANCHE
Deputy Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
IAN V. YANNIELLO
Assistant United States Attorney
Chief, National Security Division
Colin S. SCOTT (Cal. Bar No. 318555)
Assistant United States Attorney
National Security Division
     1500 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-3159
     E-mail:    colin.scott@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. CR 25-00671 |
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT MARK LORENZO VILLANUEVA |
| v. | |
| MARK LORENZO VILLANUEVA, aka "Abdullah Al Jamil," | |
| Defendant. | |

1.    This constitutes the plea agreement between Mark Lorenzo Villanueva ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case.  This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

DEFENDANT'S OBLIGATIONS

2.    Defendant agrees to:

a.    At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to counts one and

three of the indictment in United States v. Mark Lorenzo Villanueva, CR No. 25-00671, which charges defendant with attempting to provide material support to a foreign terrorist organization, in violation of 18 U.S.C. § 2339B (count one), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (count three).

b. Not contest facts agreed to in this agreement.

c. Abide by all agreements regarding sentencing contained in this agreement.

d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

f. Be truthful at all times with the United States Probation and Pretrial Services Office and the Court.

g. Pay the applicable special assessments at or before the time of sentencing unless defendant has demonstrated a lack of ability to pay such assessments.

THE USAO'S OBLIGATIONS

3. The USAO agrees to:

a. Not contest facts agreed to in this agreement.

b. Abide by all agreements regarding sentencing contained in this agreement.

c. At the time of sentencing, move to dismiss the remaining count of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may

2

consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.  Defendant further agrees that he may be treated as if he had been convicted of the dismissed charge for purposes of U.S.S.G. § 1B1.2(c), regardless of whether the factual basis below would be sufficient to satisfy all elements of the charge.  Defendant waives the right to challenge the sufficiency of the factual basis as to any element of any dismissed charge. Defendant also understands that the USAO is free to criminally prosecute defendant for any other unlawful past conduct, including the possession of the suspected child sexual abuse materials described in Paragraph 12 below, or any unlawful conduct that occurs after the date of this agreement, and if prosecution were to happen this would not be a lawful basis to seek withdrawal from this plea agreement or the vacating of defendant's conviction and sentence.

d.   At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and, if necessary, move for an additional one-level reduction if available under that section.

NATURE OF THE OFFENSES

4.   Defendant understands that for defendant to be guilty of the crime charged in count one, that is, attempting to provide material support to a foreign terrorist organization, in violation of Title 18, United States Code, Section 2339B, the following must be true: (1) defendant knowingly attempted to provide material support

3

or resources to a foreign terrorist organization; (2) defendant knew that the organization was a designated terrorist organization, or that the organization had engaged or was engaging in terrorist activity or terrorism; and (3) the offense occurred in whole or in part within the United States.

5.    Defendant understands that for defendant to be guilty of the crime charged in count three, that is, being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1), the following must be true: (1) defendant knowingly possessed a firearm, namely, a destructive device; (2) the firearm had been shipped or transported from one state to another or between a foreign nation and the United States; (3) at the time defendant possessed the firearm, defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year; and (4) at the time defendant possessed the firearm, defendant knew he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

PENALTIES

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2339B, is: 20 years imprisonment; a life term of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 922(g)(1), is: 15 years imprisonment; a 3-year period of supervised release; a fine of $250,000 or twice the gross gain or

4

gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

8.   Defendant understands, therefore, that the total maximum sentence for all offenses to which defendant is pleading guilty is: 35 years imprisonment; a life term of supervised release; a fine of $500,000 or twice the gross gain or gross loss resulting from the offenses, whichever is greatest; and a mandatory special assessment of $200.

9.   Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

10.   Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that he is pleading guilty to a felony and that it is a federal crime for a convicted felon to possess a firearm or ammunition.  Defendant understands that the convictions in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license.  Defendant understands that unanticipated

5

collateral consequences will not serve as grounds to withdraw defendant's guilty pleas.

11. Defendant and his counsel have discussed the fact that, and defendant understands that, if defendant is not a United States citizen, the convictions in this case make it practically inevitable and a virtual certainty that defendant will be removed or deported from the United States. Defendant may also be denied United States citizenship and admission to the United States in the future. Defendant understands that while there may be arguments that defendant can raise in immigration proceedings to avoid or delay removal, removal is presumptively mandatory and a virtual certainty in this case. Defendant further understands that removal and immigration consequences are the subject of a separate proceeding and that no one, including his attorney or the Court, can predict to an absolute certainty the effect of his convictions on his immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that his pleas may entail, even if the consequence is automatic removal from the United States.

FACTUAL BASIS

12. Defendant admits that defendant is, in fact, guilty of the offenses to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support pleas of guilty to the charges described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 16 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

Beginning on a date unknown, but by at least February 12, 2025, and continuing through on or about August 1, 2025, in Los Angeles County, within the Central District of California, and elsewhere, defendant MARK LORENZO VILLANUEVA knowingly attempted to provide material support and resources, namely money, services and personnel, to wit, himself, to a foreign terrorist organization, namely the Islamic State of Iraq and al-Sham ("ISIS") knowing that ISIS was a designated foreign terrorist organization that has engaged, and is continuing to engage, in terrorist activity and terrorism.

Specifically, in February of 2025 defendant began communicating over a social media messaging platform with an individual who represented himself to be a fighter for ISIS living in Syria (the "ISIS Fighter"). The ISIS Fighter gave the defendant instructions about how to send him money in Syria.  Based on these instructions, VILLANUEVA sent over $1,600 dollars to the ISIS Fighter with the understanding that this money would be spent on ammunition, weapons, and other supplies for ISIS in order for the organization, and the ISIS Fighter specifically, to conduct operations.  Additionally, VILLANUEVA discussed conducting operations for the ISIS Fighter in the United States.

In support of his objective to provide support to ISIS, on or before August 1, 2025, defendant manufactured an explosive and incendiary bomb or similar device (the "improvised explosive device" or "IED") bearing no serial number.  Specifically, the IED was comprised of three aerosol-style cans wrapped in aluminum foil that defendant packed with large quantities of ball bearings and other metal objects, including nails, screws, and nuts.  Within the outside layer of aluminum foil, defendant placed incendiary material, namely,

hundreds of match heads and fireworks, that he attached by wires to a triggering switch. Several of the components of the IED had been manufactured outside the state of California, and prior to August 1, 2025, had been shipped or transported in foreign and/or interstate commerce to California. At all relevant times, defendant knew that the IED was a firearm and destructive device, as defined in Title 26, United States Code, Sections 5845(a)(8) and (f). The destructive device was not registered in the National Firearms Registration and Transfer Record.

At the time of defendant's knowing possession of the IED on August 1, 2025, defendant knew he had been convicted of at least one crime punishable by imprisonment for a term exceeding one year, namely, Stalking, in violation of California Penal Code Section 646.9(a), in the Superior Court for the State of California, County of Los Angeles, Case Number TA138766, on or about September 21, 2017.

SENTENCING FACTORS

13. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

14.    Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| Base Offense Level: | 26 | U.S.S.G. § 2M5.3 |
|---|---|---|
| Involved Provision of Explosive | +2 | U.S.S.G. § 2M5.3(b) |

Defendant and the USAO reserve the right to argue that additional specific offense characteristics, adjustments, and departures under the Sentencing Guidelines are appropriate.  Defendant understands that defendant's offense level could be increased if defendant is found to have committed an offense that is or was intended to promote a federal crime of terrorism per U.S.S.G. § 3A1.4.  If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

15.    Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

16.    Defendant and the USAO reserve the right to argue for any sentence they deem appropriate, including a sentence outside the sentencing range established by the Sentencing Guidelines, based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

<u>WAIVER OF CONSTITUTIONAL RIGHTS</u>

17.    Defendant understands that by pleading guilty, defendant gives up the following rights:

a.    The right to persist in a plea of not guilty.

b.    The right to a speedy and public trial by jury.

c.    The right to be represented by counsel -- and if necessary have the Court appoint counsel -- at trial.  Defendant

9

understands, however, that, defendant retains the right to be represented by counsel -- and if necessary have the Court appoint counsel -- at every other stage of the proceeding.

d.    The right to be presumed innocent and to have the burden of proof placed on the government to prove defendant guilty beyond a reasonable doubt.

e.    The right to confront and cross-examine witnesses against defendant.

f.    The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.    The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.    Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18.    Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty pleas were involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's convictions on the offenses to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

19.   Defendant agrees that, provided the Court imposes a total term of imprisonment on all counts of conviction within or below the range corresponding to an offense level of 25 and the criminal history category calculated by the Court, defendant gives up the right to appeal all of the following: (a) the procedures and calculations used to determine and impose any portion of the sentence; (b) the term of imprisonment imposed by the Court; (c) the fine imposed by the Court, provided it is within the statutory maximum; (d) to the extent permitted by law, the constitutionality or legality of defendant's sentence, provided it is within the statutory maximum; (e) the term of probation or supervised release imposed by the Court, provided it is within the statutory maximum; and (f) any of the following conditions of probation or supervised release imposed by the Court: the conditions set forth in Second Amended General Order 20-04 of this Court; the drug testing conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); and the alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7).

20.   The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above in paragraphs 7 through 10 and (b) the Court imposes a term of imprisonment of no less than that corresponding to an offense level of 37 and the criminal history category VI, the USAO gives up its right to appeal any portion of the sentence.

21.   Defendant also gives up any right to bring a post-conviction collateral attack on the convictions or sentence, except a post-conviction collateral attack based on a claim of ineffective assistance of counsel, a claim of newly discovered evidence, or an

11

explicitly retroactive change in the applicable Sentencing Guidelines, sentencing statutes, or statutes of conviction. Defendant understands that this waiver includes, but is not limited to, arguments that the statutes to which defendant is pleading guilty are unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's pleas of guilty.

LIMITED WAIVER OF DISCOVERY

22.  Defendant acknowledges that he has received substantial discovery from the government and that he has had sufficient time to review and discuss that discovery with his attorney.  Defendant understands that the government obtained additional material in this investigation that defendant has not been shown.  In exchange for the government's obligations under this agreement, defendant gives up any right he may have had to review the additional material, regardless of whether it is arguably exculpatory or inculpatory, and further agrees to waive any argument that the withholding of this material caused defendant's plea to be not knowing or involuntary.  The government agrees not to use at sentencing any of the withheld materials without providing it to defendant.

WAIVER OF RIGHTS CONCERNING PLEA COLLOQUY AND FACTUAL BASIS

23.  Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing; (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of

Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

Defendant further agrees that this paragraph of the agreement is severable. Thus, defendant's waivers are binding and effective even if, subsequent to defendant's signing this agreement, defendant declines to plead guilty, the Court declines to accept his guilty plea, or, if this agreement is of the type described in Federal Rule of Criminal Procedure 11(c)(1)(A) or (c)(1)(C), the Court rejects this agreement. Defendant also agrees that his waivers are binding and effective even if some other portion of this agreement is found to be invalid by this Court or the Ninth Circuit.

RESULT OF WITHDRAWAL OF GUILTY PLEAS

24. Defendant agrees that if, after entering guilty pleas pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty pleas on any basis other than a claim and finding that entry into this plea agreement was involuntary, then (a) the USAO will be relieved of all of its obligations under this agreement; and (b) should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

RESULT OF VACATUR, REVERSAL OR SET-ASIDE

25.   Defendant agrees that if any count of conviction is vacated, reversed, or set aside, the USAO may: (a) ask the Court to void the entire plea agreement and vacate defendant's guilty pleas on any remaining counts of conviction, with both the USAO and defendant being released from all their obligations under this agreement, or (b) leave defendant's remaining convictions, sentence, and plea agreement intact.  Defendant agrees that the choice among these options rests in the exclusive discretion of the USAO.

EFFECTIVE DATE OF AGREEMENT

26.   This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

BREACH OF AGREEMENT

27.   Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered guilty pleas pursuant to this agreement, defendant will not be able to withdraw the guilty pleas, and (b) the USAO will be relieved of all its obligations under this agreement.

14

28. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

29. Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

30. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 14 are consistent with the facts of this case. While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

31. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

32. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

//

//

16

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

35.   The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

BILAL A. ESSAYLI
Acting United States Attorney

*Colin S. Scott*                                   12/22/2025
COLIN S. SCOTT                                     Date
Assistant United States Attorney

                                                   12/22/26
MARK LORENZO VILLANUEVA                            Date
Defendant

                                                   12/22/26
R. REID ROWE                                       Date
Attorney for Defendant MARK LORENZO
VILLANUEVA

18

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement.  I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____          _____
MARK LOREZNO VILLANUEVA                    Date
Defendant

19

CERTIFICATION OF DEFENDANT'S ATTORNEY

I am MARK LOREZNO VILLANUEVA's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set forth in this agreement is sufficient to support my client's entry of guilty pleas pursuant to this agreement.

_____        12/22/26
R. REID ROWE                             Date
Attorney for Defendant MARK LORENZO
VILLANUEVA

20